UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS ALAMO,                        :
                                     :    Civil Action No. 10-372 (JBS)
          Petitioner,                :
                                     :
     v.                              :    **OPINION**
                                     :
ERIC HOLDER, et al.,                 :
                                     :
          Respondents.               :

**APPEARANCES**:

   **CARLOS ALAMO**, Petitioner pro se
   # 46328-054
   F.C.I. Fort Dix
   P.O. Box 2000
   Fort Dix, New Jersey 08640

**SIMANDLE**, District Judge

   This matter is before the Court on the application of petitioner, Carlos Alamo, for a writ of mandamus. Petitioner paid a $5.00 filing fee on June 1, 2010. For the reasons set forth below, however, the petition for a writ of mandamus will be denied for lack of merit.

I.  BACKGROUND

   Petitioner, Carlos Alamo ("Alamo"), brings this petition for a writ of mandamus against the following federal official respondents: Eric Holder, United States Attorney General; and Donna Zickefoose, Warden at FCI Fort Dix, where Alamo is presently confined. (Complaint, Caption). The following factual allegations are taken from the petition, and are accepted for

purposes of this screening only.  The Court has made no findings as to the veracity of petitioner's allegations.

Alamo alleges that, on February 19, 1999, he was arrested by New York state authorities on heroin offenses.  On November 3, 2000, while in federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u>, Alamo was sentenced by the United States District Court for the Southern District of New York, to 151 months imprisonment for conspiracy to distribute and possess with intent to distribute heroin.

Alamo was then returned to state custody and a federal detainer was lodged against him.  On November 30, 2001, Alamo was sentenced by a New York state court to serve a two to four year prison term.  On September 10, 2004, Alamo was released by the State of New York to the Federal Bureau of Prisons ("FBOP") pursuant to the federal detainer.

Alamo complains that the federal sentence did not specify concurrent service with the state sentence, and that the FBOP presumed consecutive service of the federal sentence to the state sentence.  Thus, the FBOP "failed to give credence to the State Court's directive and intent that [Alamo's] State sentence(s) should run 'concurrent' to his federal sentence."

Alamo further alleges that had the FBOP construed the federal sentence to run concurrently with his state sentence, Alamo should now be released from confinement, and in fact, moves

for his immediate release.  Alamo also claims that while he was serving his state sentence, he was told by various State authorities that he was serving his state and federal sentences simultaneously.

This Court takes judicial notice of an earlier habeas petition filed by Alamo, pursuant to 28 U.S.C. § 2241, in <u>Alamo v. Samuel</u>, Civil No. 06-2555 (JBS).  Alamo raised an identical claim for a ruling of concurrent service of his state and federal sentences in this earlier § 2241 habeas petition.  Specifically, Alamo sought credit against his federal sentence for the time he was in state custody serving his state sentence, to give effect to the state court judges' statements that his state sentences should run concurrently to his federal sentence.

In <u>Alamo v. Samuel</u>, this Court found that there was no pending state sentence at the time Alamo's federal sentence was imposed, and therefore, the federal court had no authority to order the federal sentence to run concurrently to a state sentence that might be imposed in the future.  See <u>Alamo v. Samuel</u>, Civil No. 06-2555 (JBS) at Docket entry no. 9, pg. 7.  However, the Court treated Alamo's request for credit as a request for nunc pro tunc designation.  In denying Alamo the credit he sought, the Court found:

> Although the BOP did not obtain the state court judgments, there is no suggestion that it did not credit Petitioner's characterization of them, and the BOP did obtain the state sentence data, including jail credits, and did review the

> federal judgment and Petitioner's criminal record. Following that review, the BOP denied the nunc pro tunc designation. In view of the statutory presumption for consecutive sentences, and the BOP's review of Petitioner's state sentence data and criminal record, it cannot be said that the BOP's decision was an abuse of discretion.

See Alamo v. Samuel, Civil No. 06-2555 (JBS) at Docket entry no. 9, pp. 9-10.

## II. ANALYSIS

Alamo seeks relief by a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff. See 28 U.S.C. § 1361. It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970). Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted: (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy.

4

See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

    Here, the Court finds no basis for mandamus relief. First, Alamo cannot show that the right to the writ is clear and undisputable. In fact, this identical claim was already adjudicated against Alamo's favor in a previous § 2241 habeas petition, as set forth above. Second, Alamo has not shown that the named respondents owe a non-discretionary duty to petitioner to release him. Indeed, the sentencing credit Alamo seeks requires a discretionary determination and is not a clear cut ministerial function of the FBOP. Finally, Alamo has not demonstrated that he has no other remedy. The appropriate remedy was a request for nunc pro tunc designation, which Alamo sought and was unsuccessful.

Therefore, Alamo has failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus.  See 28 U.S.C. § 1651.

### **CONCLUSION**

Based upon the foregoing, Alamo's petition for a writ of mandamus will be denied for lack of merit.  No fees or costs of suit will be assessed.  An appropriate Order accompanies this Opinion.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated:    **November 23, 2010**